FILED
2022 MAR 7 PM 12:38
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESSICA T. R.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING COMMISSIONER'S DECISION**<br><br>Case No. 2:20-cv-00479<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Jessica R.[1] brought this action against Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration (the "Commissioner"), seeking judicial review of the denial of her application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385.  (Pl.'s Opening Br. 1, Doc. No. 23.)  The Administrative Law Judge ("ALJ") determined Ms. R did not qualify as disabled.  (Certified Tr. of Admin. R. ("Tr.") 12–24, Doc. Nos. 17–19.)  Ms. R. argues the ALJ's decision is not supported by substantial evidence because he improperly relied on her work in a sheltered workshop to support his conclusion that she can work full time in a competitive environment.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the court refers to the Plaintiff by her first name and last initial only.

1

(Pl.'s Opening Br. 3, Doc. No. 23.)  Because the ALJ applied the correct legal standards and his findings are supported by substantial evidence,[2] the court[3] affirms the Commissioner's decision.

## STANDARD OF REVIEW

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of a final decision of the Commissioner of the Social Security Administration.  This court reviews the ALJ's decision to determine whether the record contains substantial evidence in support of the ALJ's factual findings and whether the ALJ applied the correct legal standards.  42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Although the court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's."  *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

The ALJ's factual findings will stand if supported by substantial evidence.  42 U.S.C. § 405(g).  The substantial evidence standard "requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084.  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (internal quotation marks omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence or if there is a mere scintilla of evidence supporting it."  *Id.* (internal quotation marks omitted).  The court will "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [ALJ's]

---

[2] The appeal will be determined on the written memoranda as oral argument is unnecessary. DUCivR 7-1(g).

[3] The parties consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.  (Doc. No. 12.)

decision and, on that basis, determine if the substantiality of the evidence test has been met." *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (internal quotation marks omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted). Moreover, the court may not substitute its judgment for that of the ALJ. *Langley*, 373 F.3d at 1118.

## APPLICABLE LAW

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Under the Social Security Act, an individual is considered disabled "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

In determining whether a claimant qualifies as disabled within the meaning of the Social Security Act, the ALJ employs a five-step sequential evaluation. The analysis requires the ALJ to consider whether:

1) The claimant presently engages in substantial gainful activity;
2) The claimant has a severe medically determinable physical or mental impairment;
3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which precludes substantial gainful activity;

4) The claimant possesses a residual functional capacity to perform past relevant work; and

5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

See 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden, in the first four steps, of establishing the disability. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work existing in the national economy. *Id.*

## PROCEDURAL HISTORY

Ms. R. filed an application for supplemental security income on October 17, 2017, alleging disability beginning on August 4, 2012. (Tr. 183.) At the hearing before the ALJ, Ms. R. amended her disability onset date to October 6, 2017. (*Id.* at 34.) On June 3, 2019, after a hearing, the ALJ found Ms. R. was not disabled. (*See id.* at 12–24.)

At the first step of the five-step sequential evaluation, the ALJ found Ms. R. had not engaged in substantial gainful activity since October 6, 2017. (*Id.* at 17.) At step two, the ALJ found Ms. R. had the severe impairments of amphetamine use disorder, major depressive disorder, personality disorder, generalized anxiety disorder, PTSD, bipolar disorder, and obesity. (*Id.*) At step three, the ALJ concluded Ms. R.'s impairments did not meet or equal an impairment listing. (*Id.* at 18.) In reaching this conclusion, the ALJ found Ms. R. had only "moderate" limitations in the broad areas of functioning set out in the mental impairment listings: "understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing [oneself]." (*Id.* at 18–

19.) At step four, the ALJ found Ms. R. had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following limitations:

> She can occasionally climb ramps or stairs and ladders, ropes, or scaffolds. She can perform simple and complex, but not detailed, tasks which can be learned in 4 months of fewer, with an SVP of 1–4. She can perform work with occasional changes to the work place settings, rules, or procedures. She can make simple work-related judgments and she can have occasional interaction with supervisors, coworkers, and the public.

(*Id.* at 19.) The ALJ stated his RFC assessment reflected the limitations he found in the mental functional analysis. (*Id.*) At step five, based on this RFC and the testimony of a vocational expert, the ALJ concluded Ms. R. could perform past relevant work as a deli worker, as well as other jobs existing in significant numbers in the national economy. (*Id.* at 22–24.) Therefore, the ALJ found Ms. R. was not disabled. (*Id.* at 24.)

The Appeals Council denied Ms. R.'s request for review, (*id.* at 1–3), making the ALJ's decision final for purposes of judicial review.

## DISCUSSION

Ms. R. raises a single claim of error regarding the ALJ's RFC assessment at step four. She contends the ALJ's decision is unsupported by substantial evidence because the ALJ did not recognize Ms. R.'s part-time work was in a sheltered workshop. (Pl.'s Opening Br. 3, Doc. No. 23.) Specifically, Ms. R. argues the ALJ erroneously used her part-time employment "to justify his mental RFC finding, which is not all that limiting," without recognizing her work took place under special conditions. (*Id.* at 7.) In doing so, Ms. R. contends the ALJ improperly used her work "to support his decision that [she] is able to perform competitive work in the national economy on a fulltime, regular and continuing basis." (*Id.* at 6.) According to Ms. R., "there is no comparison between part time, sheltered work in a training program and fulltime work in the competitive marketplace." (*Id.*) In her response, the Commissioner argues that for Ms. R. to

prevail, Ms. R. would need to establish the ALJ's decision is unsupported by substantial evidence—which she has not done. (Def.'s Answer Br. 6, Doc. No. 28.) According to the Commissioner, the ALJ's decision that Ms. R. is limited, but not disabled, by her mental conditions, is substantially supported by the record evidence. (*Id.* at 1, 6–8.)

As an initial matter, there is no dispute over the legal significance of work in a sheltered workshop. (*See* Def.'s Answer Br. 8, Doc. No. 28; Pl.'s Reply Br. 2–3, Doc. No. 29.) When analyzing whether work constitutes substantial gainful activity, the ALJ considers whether it "is done under special conditions . . . such as work done in a sheltered workshop." 20 C.F.R. § 416.973(c). If the work "is done under special conditions, [the ALJ] may find that it does not show that [the claimant has] the ability to do substantial gainful activity." *Id.* "However, work done under special conditions may show that [the claimant has] the necessary skills and ability to work at the substantial gainful activity level." *Id.*; *see also id*. § 416.971 ("Even if the work [the claimant has] done was not substantial gainful activity, it may show that [the claimant is] able to do more work than [he/she/they] actually did."). In other words, the ALJ can consider work done in a sheltered workshop in the RFC analysis. Such work may show a claimant is able or unable to engage in substantial gainful activity. The regulation does not require the ALJ to weigh the evidence one way over the other.

There is also no dispute about whether Ms. R.'s workplace at the time of the hearing, Deseret Industries, is a sheltered workshop. Deseret Industries is a job program which employs and trains individuals, regardless of ability. (Pl.'s Opening Br. 4–5, Doc. No. 23; Tr. 35, 37.) Individuals generally work for six to twelve months at Deseret Industries, up to twenty-eight hours a week. (Pl.'s Opening Br. 5, Doc. No. 23.) Workers complete the program with job

experience and marketable skills, better enabling them to obtain future employment in the competitive market. (*Id.*)

Ms. R. testified she was working at Desert Industries six days per week, for three to five hours per day. (Tr. 41.) She began working as a sorter of "small as-is" donations but, at the time of the hearing, had begun working at the cash register. (*Id.* at 41, 45.) When asked if she could work as a cashier on a competitive basis, Ms. R. testified she did not know because she had never worked more than five hours. (*Id.* at 42.) Ms. R. also testified she had trouble processing information, which caused problems at Deseret Industries, particularly when she learned how to work the cash register. (*Id.* at 44.) Ms. R.'s supervisor had to "[write] down everything that need[ed] to be done and that he expect[ed] of [her]"—and she referred to that every day. (*Id.* at 44–45.) Lastly, Ms. R. testified she arrived late to work and missed approximately one day of work per month. (*Id.* at 48–49.) As a training program, Deseret Industries was "lenient"; tardiness and absences were not grounds for termination. (*Id.* at 49.)

The parties' dispute centers on the fact that the ALJ relied upon Ms. R.'s part-time work in his RFC analysis, without describing it as a sheltered workshop. Ms. R. asserts this resulted in an erroneous RFC finding regarding her mental limitations. (Pl.'s Opening Br. 7, Doc. No. 23.)

    1. <u>The ALJ Applied the Correct Legal Standard</u>

Ms. R. acknowledges an ALJ need not find a claimant unable to perform substantial gainful activity simply because she works in a sheltered workshop. (Pl.'s Reply Br. 2, Doc. No. 29.) But Ms. R. argues the ALJ may not rely upon this work as evidence that the claimant can work full time in a competitive environment without addressing the fact that it is in a sheltered workshop. (*Id.* at 3.) The cases Ms. R. relies upon do not support this contention, as a matter of

law. At best, they suggest a discussion of the sheltered workshop is preferable (and may, in an evaluation of whether *past relevant work* qualifies as substantial gainful activity, be required).

For instance, in *Jackson v. Barnhart*, the Tenth Circuit remanded the case after finding the ALJ failed to account for serious impairments, but the court did not find, as a matter of law, that an ALJ must address sheltered work. 60 F. App'x 255, 257, 260 (10th Cir. 2003) (unpublished). When determining whether the ALJ's hypothetical question to a vocational expert considered all the claimant's impairments, the court noted the claimant's work in a sheltered workshop "would seem to be relevant to the ALJ's analysis of [claimant's] . . . RFC." *Id.* at 258. The court was "somewhat surpris[ed] that the ALJ provided no discussion whatsoever concerning this factor" because people "who can perform the full range of work in all occupational categories typically do not require a sheltered environment in which to work." *Id.* Discussing record evidence establishing the claimant had memory problems, *id.* at 258–59, the court determined the claimant may suffer from deficiencies not considered by the ALJ, *id.* at 260. In *Jackson*, the Tenth Circuit found the claimant's sheltered work supported his argument that the ALJ improperly rejected evidence of other impairments. But *Jackson* does not support the premise that the ALJ must, as a matter of law, discuss work under special circumstances. And unlike *Jackson*, Ms. R. has not alleged the ALJ failed to consider other impairments.

*Strode v. Colvin* is similarly distinguishable. No. 12-1279, 2013 U.S. Dist. LEXIS 125905 (D. Kan. Sep. 4, 2013) (unpublished). The challenge in *Strode* pertained to whether the claimant's past work constituted a substantial gainful activity. *Id.* at *3–4, 7. The ALJ determined the plaintiff could not perform past relevant work because he received accommodations. *Id.* at *10. But the appeals council found the claimant's prior work as a retail clerk qualified as past relevant work, and that the claimant could perform this work, based on the

8

RFC determined by the ALJ. *Id.* at *3–4. The court agreed with the appeals council, noting the importance of evaluating the nature and extent of the accommodations when assessing whether past relevant work constitutes substantial gainful activity. *Id.* at *10. *Strode* is unhelpful here because the ALJ did not find Ms. R.'s work at Deseret Industries was past relevant work which constituted substantial gainful activity. Ms. R. was working at Deseret Industries at the time of the hearing, (Tr. 37), yet the ALJ specifically found she was not engaged in substantial gainful activity, (*id.* at 17). And when determining whether Ms. R. could perform her past relevant work, the ALJ did not analyze her work as a cashier. (*Id.* at 22.)

Ms. R. does not cite to any legal authority establishing the ALJ must, when analyzing work for a RFC determination, discuss that the work was in a sheltered workshop. Where the ALJ applied the correct legal standards, there is no basis to remand on these grounds.

2. The ALJ's RFC Finding is Supported by Substantial Evidence

Ms. R. disputes the ALJ's RFC finding as to her mental impairments. Specifically, she contends the ALJ erred by basing his finding, in part, on Ms. R.'s ability to work part-time—without noting it was accommodated work in a sheltered workshop as opposed to work in a competitive environment. (Pl.'s Opening Br. 7, Doc. No. 23.) The Commissioner argues that to prevail, Ms. R. must show the ALJ's decision lacked evidentiary support, (Def.'s Answer Br. 2, Doc. No. 28), which she cannot do, since the ALJ's decision is justified by substantial evidence (*id.* at 6).[4]

Even considering the ALJ's lack of discussion of the sheltered workshop, his decision is supported by substantial evidence. First, it is clear the ALJ can consider work in a sheltered

---

[4] The court rejects the Commissioner's argument to the extent she bases it on doctors' opinions the ALJ found unpersuasive. (*See* Def.'s Answer Br. 7–8, Doc. No. 28; Tr. 21–22.) The court does not reweigh the evidence. *See Lax*, 489 F.3d at 1084.

9

workshop when assessing whether a claimant has the necessary skills and ability to do substantial gainful work. *See* 20 C.F.R. §§ 416.973(c), 416.971. Second, the ALJ properly assessed Ms. R.'s mental impairments in the RFC determination. An ALJ must assess a claimant's RFC "based on all of the relevant medical and other evidence." *Id.* § 416.945(a)(3). The ALJ did just that. Consistent with governing regulations, the ALJ also considered Ms. R.'s daily activities, treatment received, and other factors. *See* 20 C.F.R. § 416.929(c)(3). Ultimately, the ALJ found the record did not support the claimed severity of Ms. R.'s mental impairments. (Tr. 20.)

In making this determination, the ALJ specifically looked at five different examinations. Although one visit reflected Ms. R. had "some disconnect with reality," the examiner also concluded Ms. R. had "regular speech, intact memory, normal general fund of knowledge, linear and goal directed thought processes, normal thought content, good insight and judgment, and no difficulty with impulse control, attention, and concentration." (*Id.* at 21.) As the ALJ noted, Ms. R. otherwise "consistently had unremarkable mood, affect, thought process, orientation and behavior." (*Id.* at 20.) And she had "consistently normal mental status examinations." (*Id.* at 22.) The ALJ also considered that Ms. R's treatment recommendations were "conservative," such as "exercising, eating well, and sleeping well." (*Id.*) And the ALJ accounted for her ability raise her minor child and "to drive eight hours to Wyoming to pick up her other son, . . . do household chores, shop, and get along with others." (*Id.*)

In addition to this, the ALJ considered Ms. R.'s ability "to work six days per week on a part time basis." (*Id.*) Although the ALJ did not explicitly note that this work was in a sheltered workshop, it is clear from the record he considered that fact. First, he found it did not constitute substantial gainful employment. (*Id.* at 17.) Second, at the hearing, Ms. R. testified about the

10

accommodations made at Deseret Industries, such as irregular schedules and written instructions. (*Id.* at 44–45; 48–49.) And the ALJ noted he considered all record evidence. (*See id.* at 19 ("In making [the RFC] finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p.").); *see also Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (Generally, it is the court's practice "to take a lower tribunal at its word when it declares that it has considered a matter." (internal quotation marks omitted).) Based on these considerations, the ALJ determined Ms. R. could only "perform simple and complex, but not detailed, tasks which can be learned in 4 months of fewer, with an SVP of 1–4," "work with occasional changes to the work place settings, rules, or procedures," "make simple work-related judgments," and "have occasional interaction with supervisors, coworkers, and the public." (*Id.*) Notably, Ms. R. has not pointed to any record evidence suggesting this conclusion is unsupported by substantial evidence.

Even if the evidence in the record could support a different conclusion, the ALJ's evaluation of Ms. R.'s mental impairments in the RFC reflects a proper consideration of relevant factors. And far more than a mere "scintilla" of evidence supports the ALJ's conclusions. *See Lax*, 489 F.3d at 1084. Where findings are supported by substantial evidence, the court defers to the ALJ. *See Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 776 (10th Cir. 1990). Ms. R. has not established the ALJ's RFC finding is unsupported by substantial evidence; thus, there are no grounds for remand.

## CONCLUSION

For the reasons set forth above, the court AFFIRMS the Commissioner's decision.

DATED this 7th day of March, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge